U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

NOV 2 0 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| JOSEPH L. RAINEY | : | DOCKET NO. 2:08 CV 00750 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| BUREAU OF PRISONS, ET AL. | : | MAGISTRATE JUDGE KAY |

MEMORANDUM RULING

Before the court is the Petitioner's Rule 60(b)(4) Motion for Relief [doc.23].

Procedural History

On May 23, 2008, the petitioner, Joseph L. Rainey ("Rainey"), filed a Petition for Writ of Habeas Corpus [doc. 1] pursuant to 28 U.S.C. §2241. This pleading was deficient as it lacked an original signature and it was not on the proper form.

On the same day Rainey also submitted an Affidavit to Proceed *In Forma Pauperis* ("IFP") [doc. 2], which was also deficient. This pleading was not complete as the application was not signed by Rainey and the certificate by the plaintiff and by the accounts officer was not included.

Rainey then filed an Amended Complaint [doc. 3], which lacked an original signature. This deficiency was cured on June 11, 2008, when the original signature was received.

On June 10, 2008, Rainey filed a Petition for Writ of Habeas Corpus [doc. 9]. An Affidavit to Proceed IFP [doc. 10] was also submitted but was deemed deficient as it lacked certification by the account officer.

On June 12, 2008, Rainey filed an Amended Petition [doc. 11], accompanied by a Motion

to Proceed IFP [doc. 12], which was deficient as it was not on the proper form, and omitted account information and account officer certification.

On June 13, 2008, Magistrate Judge Kay issued an Order [doc. 13] stating that the plaintiff had failed to submit a filing fee or a completed IFP Application. A deadline to comply of July 16, 2008 was set.

On June 13, 2008, the Clerk received only a certificate of accounts page. The Clerk returned the form to the plaintiff along with an IFP application and instructions on how to properly complete the form.

On June 20, 2008, Rainey filed a Motion to Relieve the Plaintiff of Excessive Hardships [doc. 15] of complying with the June 13 Order.

On June 23, 2008, Rainey filed a Motion to Proceed IFP [doc. 16], which was referred to the magistrate judge.

The magistrate issued an order mooting the Motion to Relieve the Plaintiff of Excessive Hardships [doc. 15]. She also denied Rainey's Motion to Proceed IFP and ordered that he submit a $5 filing fee within thirty days of the receipt of the order, warning him that failure to timely pay the fee would result in dismissal.

Rainey filed a Motion for Summary Judgment [doc. 18] on July 3, 2008. The motion was not referred to chambers as the partial filing fee had not been paid.

August 4, 2008, Rainey filed a Motion for Payment Schedule or Docket Entry [doc. 19] asking for a payment schedule and stating that he was unable to "satisfy the fee requirements for his claim."

On September 8, 2008, Magistrate Judge Kay issued an Order to Strike [doc. 20] the petition

because the petitioner had failed to pay his filing fee.

Rainey then filed the instant Rule 60(b)(4) Motion stating that the magistrate did not have jurisdiction to order his petition stricken from the record. Rainey alleges the order striking his petition violates the "United States Magistrate Act" and 28 U.S.C. §1915 *et seq*. Rainey argues that the magistrate judge should have issued a Report and Recommendation to the district judge, which would have provided him with the opportunity to file objections.

## Law

Typically, "[m]otions under Rule 60(b) are directed to the sound discretion of the district court." *Seven Elves v. Eskenazi*, 635 F.2d 396, 402 (5th Cir.1981). When, however, the motion is based on a void judgment under rule 60(b)(4), the district court has no discretion-the judgment is either void or it is not. *See Honneus v. Donovan*, 691 F.2d 1, 2 (1st Cir.1982) (dicta); *Jordan v. Gilligan*, 500 F.2d 701, 704 (6th Cir.1974), *cert. denied*, 421 U.S. 99 (1975). *See also* C. Wright & A. Miller, *Federal Practice and Procedure*, § 2862, at 197 (1973). If the magistrate judge lacked jurisdiction to strike the petition, the judgment is void and this court must set it aside.

28 U.S.C. § 636 defines the jurisdiction of a magistrate judge. Section 636(b)(1)(A) states that a district judge may designate a magistrate judge to hear and determine any pretrial matter. Standing Order 3.221 in the Lake Charles Division of the United States District Court, Western District of Louisiana refers to the magistrate judge all non-dispositive motions in accordance with 28 U.S.C. 636(b)(1)(A). Habeas Corpus Rule 3 states that when a habeas petition is filed, the Clerk must promptly forward that petition to a judge under the court's assignment procedure. In the Western District of Louisiana, a habeas petition is referred to the magistrate judge. L.R.73.2W.

In this case, the application to proceed IFP was referred to the magistrate and the motion was

denied. Rainey was given thirty days to pay a partial fee of $5 and was warned that if he did not pay, his petition would be dismissed. When more than thirty days passed and no payment was made, the magistrate judge issued an order striking the petition from the record. Under usual practice, a memorandum, ruling, or order, sustaining a motion to strike a bill, complaint, petition, or declaration, is not directly appealable, even though it may adjudge the plaintiff's action decisively against him. It is interlocutory only. There is no final disposition of the case until a decree or order is entered dismissing the suit, or a judgment is entered for the defendant on the whole cause. 1 A.L.R.2d 422. In this case, a final judgment dismissing the case has not yet been entered. Rainey's Rule 60(b)(4) motion is therefore premature.

Additionally, a trial court has inherent power to dismiss a case *sua sponte* for failure to prosecute. *Link v. Wabash R.R.*, 370 U.S. 626 (1962). Fed. R. Civ. P. 41(b) authorizes a district court to dismiss an action for failure to obey a court order. Because Rainey refuses to submit the partial filing fee, he is failing to prosecute his action. He has also failed to comply with an order of this court directing that he pay the partial filing fee. Because the plaintiff has a sufficient inmate account, his failure to pay the partial fee and to delay this case for six months with frivolous excuses will be deemed a "strike" within the meaning of 28 U.S.C. § 1915(g).

Accordingly, Rainey's Rule 60(b)(4) motion will be denied as it is premature. Even assuming *arguendo* that it is not premature, the underlying order issued by the magistrate judge is within her jurisdiction and is valid. Furthermore, after a thorough review of this record, this court will now dismiss this case with prejudice for failure to prosecute, failure to obey a court order and as frivolous. The Clerk should be directed to note on the docket that this dismissal constitutes a

4

"strike " within the meaning of 28 U.S.C. § 1915(g).

Lake Charles, Louisiana, this 19 day of November, 2008.

                                          PATRICIA MINALDI  
                                          UNITED STATES DISTRICT JUDGE